UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00024-HBB

**DEBRA K.**[1]                                                                                                                  **PLAINTIFF**

**VS.**

**FRANK BISIGNANO, COMMISSIONER OF**
**SOCIAL SECURITY**                                                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

Before the Court is the Complaint (DN 1) of Debra K. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 14; DN 15) and Defendant (DN 17) have filed a Fact and Law Summary. Plaintiff did not file a Reply. For the reasons that follow, final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered April 18, 2025 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### II.  FINDINGS OF FACT

On June 15, 2021, Plaintiff protectively filed applications for Disability Insurance Benefits

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

(Tr. 244-49) and Supplemental Security Income (Tr. 233-42, 250-55). Plaintiff alleged that she became disabled on June 1, 2019, as a result of hypertension, hypothyroidism, congestive heart failure, edema in the hands, feet, and legs, anxiety, depression, liver problems, panic attacks, and right arm problem (Tr. 250-55, 266, 278). Plaintiff revised the alleged onset date to June 30, 2020 (Tr. 52-53). The applications were denied initially on February 4, 2022, and upon reconsideration on January 3, 2023 (Tr. 61-96, 129-42). On January 17, 2023, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 143-45).

On September 12, 2023, ALJ Amber Downs conducted a telephonic hearing (Tr. 14-27). Plaintiff and her attorney, Elizabeth Cline, participated in the hearing (Tr. 14). W.R. Harvey, an impartial vocational expert, testified at the hearing (*Id.*). In a decision dated March 13, 2024, ALJ Downs evaluated this adult disability claim pursuant to the five-step sequential evaluation proves promulgated by the Commission (Tr. 14-27). The ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2023 (Tr. 17). At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 30, 2020 (*Id.*). At the second step, the ALJ determined that Plaintiff has the following severe impairments: chronic obstructive pulmonary disease ("COPD"), status post ulna fracture with open reduction and internal fixation ("ORIF") surgery, coronary artery disease (status post bypass) (*Id.*). The ALJ determined that Plaintiff has the following non-severe impairments: low vision, carpal tunnel syndrome, hypothyroidism, hernia, chronic kidney disease, headaches, hypertension, liver problems, depressive disorder, and anxiety disorder (Tr. 17-18). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 404.967(b) except she can occasionally lift and carry twenty pounds; she can frequently lift and carry ten pounds; she can sit six hours, stand six hours, and walk six hours; she can push and pull as much as she can lift and carry; she can frequently climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can frequently stoop, kneel, crouch, and crawl; she can occasionally be exposed to unprotected heights and moving mechanical parts; she can frequently be exposed to dust, odors, fumes, and pulmonary fumes; and she can frequently be exposed to extreme cold, extreme heat, and vibration (Tr. 20-21). The ALJ found that Plaintiff cannot perform any past relevant work, but she has acquired work skills (Tr. 25).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, she has acquired past relevant work skills that are transferable to other occupations with jobs that exist in significant numbers in the national economy (Tr. 25-26). Therefore, the ALJ concluded that Plaintiff has not been under a disability from June 30, 2020, through the date of the decision. Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7-10, 226-28). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of*

*Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4), the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court reviews the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

### B. The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential

evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1)   Is the claimant engaged in substantial gainful activity?

2)   Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)   Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)   Does the claimant have the RFC to return to his or her past relevant work?

5)   Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

### C.   Transferable Skills

*1. Arguments of the Parties*

Plaintiff avers that the ALJ improperly determined that Plaintiff acquired transferable skills from past work (DN 14 PageID # 2414).[2] Plaintiff believes the ALJ erred by relying on only two identified jobs in the national economy, while POMS states that the ALJ "generally must cite to at least 3 jobs" to support a finding that a significant range of jobs utilize the identified skills (*Id*. at PageID # 2414-15) (citing Social Security Program Operations Manual System ("POMS") DI § 15015.017(I)). Plaintiff further contends that the cited skills are incidental to semi-skilled work and too general to support a transferability finding (*Id.* at PageID # 2415-16).

In response, Defendant avers that the ALJ's findings are supported by substantial evidence relying on the vocational expert's testimony (DN 17 PageID # 2425-27). Defendant relies on

---

2  Plaintiff submitted the Court-promulgated Fact and Law Summary at DN 15, but her substantive argument is found in her brief at DN 14, so the undersigned will only reference DN 14.

*Hamilton v. Comm'r of Soc. Sec.* to argue that the ALJ is not required to identify three occupations if the identified work represents a significant number of jobs available in the national economy (*Id.* at PageID # 2427-28) (citing 98 F.4th 800, 805 (6th Cir. 2024)). Further, Defendant believes the ALJ properly relied on the vocational expert's testimony that the Plaintiff acquired transferable skills, which constitutes substantial evidence (*Id.* at PageID # 2428-29).

    2. *Applicable Law*

Once the ALJ determines that the claimant does not have the RFC to perform past relevant work, at step five the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity that exists in substantial numbers in the national economy. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). The ALJ may rely on the testimony of a vocational expert in making this finding at step five. *Floyd v. Comm'r of Soc. Sec.*, No. 23-2036, 2024 U.S. App. LEXIS 15374, at *11 (6th Cir. June 24, 2024). "All that is required before an ALJ can rely on vocational evidence provided by a vocational expert is that the ALJ either ensure that the evidence does not conflict with the information in the DOT or obtain a reasonable explanation for any conflict." *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317 (6th Cir. 2020).

Next, considering the vocational expert's testimony, the ALJ considers whether the claimant has transferable skills pursuant to 20 C.F.R. § 404.1568(d) and Social Security Ruling 82-41. *Dodson v. Kijakazi*, No. 5:20-CV-2632, 2022 U.S. Dist. LEXIS 59281, at *26 (N.D. Ohio Jan. 20, 2022). "The claimant is considered to have transferable skills when skilled or semi-skilled work activities the claimant did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kids of work." *Id.*; *see* 20 C.F.R. § 404.1568(d)(1).

6

The vocational expert will generally also testify as to claimant's transferable skills and the ALJ may rely on this testimony in making their step five finding. *See Barnett v. Comm'r of Soc. Sec.*, No. 22-12263, 2024 U.S. Dist. LEXIS 11847, at *7-8 (E.D. Mich. Jan. 23, 2024).

*3. Discussion*

The ALJ determined that Plaintiff is unable to return to her past relevant work as a cook and kitchen supervisor, as the vocational expert testified (Tr. 25). The vocational expert testified that Plaintiff has acquired skills from past relevant work: food preparation and food storage skills (*Id.*). In response to the ALJ's questioning, the vocational expert identified two occupations Plaintiff could perform considering Plaintiff's acquired skills: short order cook and prep cook (Tr. 25-26). Plaintiff first avers that the ALJ erred by relying on the identification of only two jobs when POMS states that three is required, thus the step five finding is not supported by substantial evidence (DN 14 PageID # 2414-15). To begin, POMS is not binding but persuasive authority to the extent that it does not conflict with applicable statutes, regulations, and rulings. *Stahl v. Comm'r of Soc. Sec.*, No. 2:14-CV-2352, 2015 U.S. Dist. LEXIS 119965, at *15-16 (S.D. Ohio Sep. 9, 2015).

The Sixth Circuit has confronted this question and found that identifying three occupations is not required; but that to be considered disabled, the claimant must be unable to perform any substantial gainful work that exists in significant numbers in the national economy. *Hamilton*, 98 F.4th at 807. In *Hamilton*, the Court found it incongruous that a person must be considered "disabled unless they can work across three occupations" but is also "eligible to work at 64,000 jobs across two fields[.]" *Id.* Even when only one occupation is identified, the Sixth Circuit upheld the ALJ's determination that the skills transferred because there are 75,000 positions in the

national economy. *Id.* (citing *Geiger v. Apfel*, No. 99-5590, 2000 U.S. App. LEXIS 16213, at *5-6 (6th Cir. July 10, 2000)). Here, the vocational expert testified that Plaintiff is capable of working as a short order cook, with 62,000 jobs in the national economy, and as a prep cook, with 46,000 jobs in the national economy (Tr. 26). Consistent with *Hamilton* and *Geiger*, the ALJ did not err in relying on only two identified jobs in her step five determination.

Plaintiff next argues that the identified skills are "too general to provide a specific advantage over unskilled workers" (DN 14 PageID # 2415). Transferable skills can be acquired from skilled and semi-skilled work, like Plaintiff's past work as a cook and kitchen supervisor, both considered to be skilled work (Tr. 25). *Roy B. v. Comm'r of Soc. Sec.*, No. 22-CV-12263, 2023 U.S. Dist. LEXIS 233778, at *10 (E.D. Mich. Sep. 22, 2023) (citing 20 C.F.R. § 404.1568(d)(1) and *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855-56 (6th Cir. 2010)). Even if the acquired skills incorporate "other skills common to most people, like reading, writing, and communicating, did not mean that they were not learned skills." *Barnett*, 2024 U.S. Dist. LEXIS 11847, at *8. Plaintiff's acquired skills of food preparation and food storage are thus not too general even if they could be common to other people. Whether the identified skills give Plaintiff an advantage is not part of the analysis. *See Dodson*, 2022 U.S. Dist. LEXIS 59281, at *27-29.

Finally, Plaintiff attacks the lack of explanation by the vocational expert as to how the acquired skills would transfer to the identified jobs at step five (DN 14 PageID # 2415-16). "The Commissioner's conclusion of transferable skills need only include three findings: (1) identification of the acquired work skills; (2) occupations to which these skills are transferable; and (3) evidence that these occupations exist in significant numbers in the national economy." *Dodson*, 2022 U.S. Dist. LEXIS 59281, at *29 (quoting *Clark v. Colvin*, No. 3:16-CV-01340, 2017

U.S. Dist. LEXIS 6101 (M.D. Tenn. Jan. 17, 2017). Plaintiff seeks a more in-depth analysis, but the ALJ properly relied on the vocational expert's testimony addressing all three points (Tr. 25-26). Further, courts have noted skepticism when a claimant's argument suggests "that a reviewing court, such as this one, can stand in the shoes of a vocational expert and make its own contrary determination." *Dodson*, 2022 U.S. Dist. LEXIS 59281, at *28 (quoting *Purk v. Buerryhill*, No. 5:16-CV-01453, 2017 U.S. Dist. LEXIS 45521, at *14 (N.D. Ohio Mar. 10, 2017)); *see Carter v. Heckler*, No. 85-4138, 1987 U.S. Dist. LEXIS 1505, at *17 (E.D. Pa. Mar. 2, 1987) ("Just as the ALJ is not permitted to substitute her judgment for that of medical experts, she may not substitute her judgment for that of vocational experts.").

The undersigned finds that the ALJ properly analyzed Plaintiff's transferable skills at step five, supported by substantial evidence of vocational expert testimony and comporting with applicable law.

### D.  Step Two: Mental Impairment Findings

*1. Arguments of the Parties*

Plaintiff avers that the ALJ failed to address Plaintiff's non-severe mental impairments in the RFC finding, thus violating 20 C.F.R. § 404.1545(a)(2) and remand is required (DN 14 PageID # 2416-18).

Defendant responds that Plaintiff's argument conflates the mental functioning determination at step two with the RFC determination at steps four and five (DN 17 PageID # 2430). Defendant avers that the findings at step two are not meant to assign mental limitations in the ultimate RFC finding (*Id.*). Further, Defendant construes Plaintiff's argument as stating that any limitation found at step two must be incorporated into the ultimate RFC finding, but

9

Defendant contends that rarely do mild limitations warrant finding any limitations in the RFC finding (*Id.* at PageID # 2430-31). Defendant believes that the ALJ did discuss the mental limitations in her RFC finding, so no error exists (*Id.* at PageID # 2434-35).

   2. *Applicable Law*

The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas that are known as the "paragraph B" criteria. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E. They are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The four areas of mental functioning are evaluated on the following five-point rating scale: "None, mild, moderate, marked, and extreme." 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). If the four areas of mental functioning are rated as "none" or "mild," the ALJ will generally conclude that the claimant's impairment is not "severe," unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

   3. *Discussion*

While Plaintiff claims the ALJ provided "no explanation about how such [mental] limitations were incorporated into the RFC" the Plaintiff overlooks the ALJ's discussion and choice not to include any mental limitations in the ultimate RFC finding (DN 14 PageID # 2417). First, while Plaintiff "is correct that the ALJ must consider both severe and non-severe limitations, the ALJ must only include in the RFC limitations found to affect plaintiff's ability to work."

*Harrington v. Kijakazi*, No. 3:22-67-KKC, 2024 U.S. Dist. LEXIS 19518, at *7 (E.D. Ky. Feb. 5, 2024). Further, the "ALJ's determination that the plaintiff had some mild impairment does not require inclusion of mental limitations into the RFC." *Id.* at *5. At step two, the ALJ found:

> The claimant's medically determinable mental impairments of depressive disorder and anxiety disorder, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe.
>
> In making this finding, the undersigned has considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria. While the undersigned acknowledges that the claimant has been prescribed psychiatric medications, such as Xanax and Effexor, the mental status examinations in the record have been normal (See e.g., 9F). Therefore, she has mild limitations in all of the "paragraph B" criteria of the listings, as will be discussed below:
>
> The first functional area is understanding, remembering or applying information. In this area, the claimant has mild limitation. During the psychiatric consultative examination conducted in July 2022, recent and remote memory were adequate (9F). Therefore, she has mild limitations in understanding, remembering, or applying information.
>
> The next functional area is interacting with others. In this area, the claimant has mild limitation. During the psychiatric consultative examination conducted in July 2022, appearance was appropriate (9F). Therefore, she has mild limitations in interacting with others.
>
> The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant has mild limitation. During the psychiatric consultative examination conducted in July 2022, she was oriented to person, place, time, and circumstances. She correctly solved 3/3 math problems (9F). Therefore, she has mild limitations in concentrating, persisting, or maintaining pace.
>
> The fourth functional area is adapting or managing oneself. In this area, the claimant has mild limitation. During the psychiatric consultative examination conducted in July 2022, abstract thinking and judgment were adequate (9F). Therefore, she has mild limitations in adapting or managing oneself.
>
> Because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas and the evidence does not

> otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are non-severe (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).
>
> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.
>
> The undersigned has considered the claimant's mild limitations in mental functioning, but the evidence does not warrant that there be more limitations than those in the residual functional capacity.

(Tr. 18-19). Even had the ALJ completely omitted discussing Plaintiff's mental impairments, substantial evidence still supports her RFC finding because of the full discussion at step two, which Plaintiff does not argue was lacking.

Second, the ALJ did discuss the mild mental limitations in the ultimate RFC finding:

> The opinion of Dr. Alexis Guerrero is not persuasive because there is sufficient evidence at the hearing level, including the claimant's testimony, to evaluate the claimant's mental impairments. The opinion of Dr. Blythe Farish-Ferrer is persuasive, as it is consistent with and supported by the record as a whole, reflecting that the claimant has no more than mild limitations in the "paragraph B" criteria of the listings. The claimant has mild limitations in understanding, remembering, or applying information because recent and remote memory were adequate. She has mild limitations in interacting with others because appearance was appropriate. She has mild limitations in concentrating, persisting, or maintaining pace because she was able to correctly solve math problems. Finally, she has mild limitations in adapting or managing oneself because abstract thinking and judgment were adequate (9F). The undersigned acknowledges that the claimant has been prescribed psychiatric medications, such as Xanax and Effexor (2F/163, 169). However, the mental status examinations have been normal, and she has not been to the emergency room or hospitalized due to her psychiatric symptoms (See e.g., 12F). Therefore, she has no more than mild limitations in the "paragraph B" criteria of the listings. The undersigned has considered the claimant's mild limitations in mental functioning, but the evidence does not warrant that there be more limitations than those in the residual functional capacity.

> Dr. Ollie C. Dennis conducted a psychiatric consultative examination of the claimant on July 19, 2022 and opined that the claimant had the following limitations: She has mild difficulties in understanding and remembering one to two stage instructions. She has mild limitations in her capacity to sustain attention to complete tasks. She has mild limitations in social interaction. She has mild limitations in her overall capacity to adapt to pressures of normal daily work activity (9F/7). This opinion is persuasive, as it is consistent with and supported by Dr. Dennis's own examination, revealing findings within normal limits (9F). Therefore, the claimant has no more than mild mental limitations.

(Tr. 23-24). Because the ALJ "provided a detailed assessment of Plaintiff's mental health treatment history, the medical opinion evidence detailing her mental state, Plaintiff's subjective complaints concerning her alleged mental limitations, and Plaintiff's presentation at the administrative hearing before determining that her mental limitations were mild and that none were severe enough to warrant additional accommodations in the RFC" no error exists to warrant remand. *Lisa C. v. Kijakazi*, No. 6:23-CV-075-CHB, 2024 U.S. Dist. LEXIS 91676, at *17 (E.D. Ky. May 22, 2024).

The undersigned finds that the ALJ properly analyzed Plaintiff's mental impairments at step two using the "paragraph B" criteria and further explained her determination to not include any mental limitations in the RFC finding, thus the ALJ's decision is supported by substantial evidence and comports with applicable law.

### E. Conclusion

In conclusion, because the ALJ's decision is supported by substantial evidence and comports with applicable law, the undersigned must defer to her determination. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## IV.   ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

September 4, 2025

Copies:   Counsel